Our next case is In Re. Gesture Technology Partners, 2024-1037. Mr. Carr, again, when you are ready. Your Honors, may it please the Court, Eric Carr again on that third gesture. The Board incorrectly construed the computer apparatus term in Independent Claim 11 as not limited to a unitary device. For claim construction of expired patents and re-exams, the Phillips standard is applied, the Board failed to apply the Phillips standard for the claim construction of apparatus and its two pages of analysis at Appendix 10-11. Instead, the Board provided a definition from Dictionary.com and reasoning based on the MPEP and 35 U.S.C. 101. Independent Claim 11 of the 079 patent recites a computer apparatus comprising a light source, a camera, and a processor adapted to determine a gesture. Because the specification of the 079 repeatedly, consistently, and exclusively discloses the claim light source, camera, and processor adapted to perform the gesture as being disposed within the same computing device, a person of ordinary skill in the art would understand that the computer apparatus terms means a single computing device, such as the laptop computer or handheld computer that's shown in Figure 1 and 2 and 3 of the 079 patent. The Board is free to consult dictionaries as long as the dictionary definition does not contradict the definition found or ascertained in reading of the patent documents. But here the definition provided by Dictionary.com clearly conflicts with the ordinary meaning of the computer apparatus in the patent, i.e. a single computing device, and should be disregarded. Every environment in the 079 that includes the light source, a camera, and a processor for determining a gesture discloses those components as disposed within the same computer apparatus. And this court has defined the apparatus as a tangible item and has noted that it's synonymous with the device. For example, in the Hewlett-Packard case at 909 F2nd 1464, apparatus claims cover what a device is, not what a device does. So by having this construction that it's not limited to a single device, the Board improperly used the Lieberman reference, which is a distributed system that has a central processing facility or center and cannot anticipate the claims of the 079 patent under the proper construction of apparatus. Lieberman is fundamentally different because it is a distributed system with a public kiosk for use by a deaf person and a geographically separate and physically separate central processing facility. If you look at Figure 2 and 3 of Lieberman, which is at Appendix 306 and 307, there's diagrams showing the center that's geographically separate from the kiosk where the deaf person is. And specifically in Figure 3, it shows the central processing facility where it notes the completion of processing and other services in the center. And besides Lieberman not being able to meet the claims when the apparatus is properly construed as a single device, Lieberman also fails for the additional reason that Claim 11 requires that the processor determines a gesture based on the output of a camera, whereas Lieberman determines a sign language based on identifiers that are generated at a different physical location. And again, in this case, we raised the jurisdiction issue. I will not go over that again. And I'd like to reserve the rest of my time. We will do that. Ms. Carey. Good morning, Your Honors. May it please the Court. The main issue in this appeal is whether Claim 11, the apparatus claimed in that, Claim 11, can include multiple devices. Or more specifically, whether the camera, the central processing unit, and the light source must be located within the same device. The answer to that question is no, and the Board found that to be the case for several reasons. First, beginning with the claim, nothing in the claim requires that those three items be located within one device. And that is where the Board began. So, and you'll see in the very next case that Gesture knows how to draft a claim, where all of those things need to be in the same device, because, for example, they use the word housing to indicate where everything is located. I would argue that a distributed system is a device, is an apparatus. Yes, for a claim, a distributed system is an apparatus. And it can include different parts and components in different locations. And that is what the Board found. Isn't a distributed system a single device? You're saying it's not? No, Your Honor. It's not a single device. It doesn't have to be. What the Board did, after looking through the claims and seeing in the claims that these three items didn't have to be in a single unitary device, nothing in the claim said that. The Board then looked to what does an apparatus mean? Because that's what Gesture argued. Isn't an apparatus something different from a device? No, Your Honor. It's not different from a machine. That's what the Board found. That Section 101 lists four categories of invention. It doesn't list apparatus, but it does list machine. And under this Court's precedent, a machine typically, even though this is something that needs to be cited on a case-by-case basis, machines typically include a device or devices. And there's no cases that we're aware of where they said all those devices need to be located in the same place. And then the Board then looked at the dictionary definition and found that for machines, machines can be made up of a device or different devices working together towards a common goal. And so there was nothing in the claims, the specification, or a person with a skills understanding of the word apparatus that would indicate that these all need to be in a unitary device. And in fact, if you look at Appellant's argument in their brief at page 12, their opening brief, their blue brief, they say that, they make this argument that all the embodiments having a camera, a light source, and a CPU all show these items in a unitary device. But if you look, and again, they say this is in Figures 1 and 6 of Lieberman, but if you look at Figures 1 and 6 of Lieberman, let's start with Figure 6 because that's the most clear. If you look at Figure 6, you'll see that cameras 902 and 910 do appear in a handheld device that has a CPU, and it's the handheld computer 901. But you can see very clearly in Figure 6, you don't see a light source there. So that's one of the two embodiments that they say limit the camera, the CPU, and the light source being in the same device. So that's true of Figure 6. Less clear, but still somewhat ambiguous, is Figure 1. If you look to Figure 1, which actually depicts three different embodiments, you can also see that cameras 105 and 106 in this particular embodiment are found in Screen Housing 107, whereas Light 122 and the CPU are all found in Camera, sorry, Keyboard 102, that component. So there is an issue whether this screen and the cameras it holds, the screen housing and the cameras it holds are a separate device or devices where the keyboard includes the computer or the CPU and the light source. So even their figures that they point to as being the embodiments showing that all these things are part of one device are not clear. Figure 1 is ambiguous and Figure 6 doesn't even show the light source being part of that handheld computer. So their best argument for why the specification limits the claims in this way so that all these devices need to be within the same apparatus or machine, it's just not so. And case law holds that either the claims have to specify that this is a unitary item or they need to disavow very clearly in their specification non-unitary items. And they have not done that here. Are there any other questions on the claim construction issue? No, but the plaintiff's brief asserts that SIS is non-analogous R. The opposing counsel didn't mention it this morning, but it's in the case. You would say it's analogous R probably, and why? The board found that it was analogous R for two reasons. Under the first problem of analysis, the analogous R test, the board found that these inventions are, Sears and the plaintiff endowed, are in the same field of endeavor. They're both related to gesture-based movements, tracking those movements, and then using that to perform a function, decide what function should be performed. And that's very clear from looking at the specification and just even the title of Sears patent. So, and that, the board's analysis on that is found at the appendix APPX-19. And then the board also found that Sears would be reasonably pertinent to the question involving claims two and three, which is the board defined as selecting a light source. And when gesture responded that selecting a light source is just too broad a category, the board said, well, even if we narrow the category to selecting a light source for a gesture-based environment, Sears also is reasonable to that, reasonably pertinent to that question. So, in the Winstead cases, I think there's an issue of analogous R. Is that to the same R we're talking about here, Lieberman, or is it something else? I apologize for honor. Fair enough. I was second on a different case on Wednesday. I think it was a man reference. No, but this... You say no, or you don't know? I don't know. I understand. Let me clarify. It was a man reference. This... The present counsel can correct me if that's wrong. Yes, your honor. I do know that this analogous R issue is also raised in the next appeal that you'll hear. And it's specifically involving the Sears reference. Are there any more questions on that or any other issue? I don't know. Thank you, Ms. Kelly. Thank you. Have a good day. Mr. Kyl has some more bubble time. Thank you, honors. Just real quick. What about the analogous R issue in the other cases? Does it involve Sears? I believe, yes. I think so. The ones from Wednesday? Or the one up next? Wednesday. I believe on Wednesday, but I don't want to... I'd have to check, your honor. I apologize. We have ways to find out. Real quick, the present counsel didn't mention the Hewlett-Packard reference, which basically equates an apparatus to a device. The present counsel is correct. Figure 6 doesn't show the white source, but all the preceding figures 1 through 3 show a single device. And the entire specification covers single devices. There's no distributed system. So Lieberman cannot anticipate those 79 bank loans. And then with regard to the analogous R question of Sears, the proper field of endeavor for Sears is an electronic reading machine. Essentially, OCRs, documents, and has... It's not reasonably pertinent. It has gesture in its very title. The gestures are different because it's determining character recognition. It's not like the 079 patent that is directed towards a finger or human or people. It's a different type of field of reasonable pertinency. If it was the same type, if it was directed to recognizing gestures, we wouldn't even be getting to analogous art. It would be the same art. Why isn't it reasonably pertinent when it's technology directed to those kind of things? I mean, I don't understand your argument. You're limiting analogous art in a way that we would never have analogous art. If it has to be that close. If it's that close, it's the same field. I understand your honor, it's not that close, it's a different field. That's the whole point of the analogous art doctrine, if it's a different field, but it's reasonably pertinent because they're both directed to gesture-based recognition. Then why isn't that sufficient? Because Sears is optical character recognition, whereas the 079 patent recognizes fingers and gestures from a human. Nothing further, your honor. Thank you. Thank you. Please cancel the case as submitted.